## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Huntington National Bank, *successor-by-merger to TCF National Bank*,

        Plaintiffs,

v.

County Recycling LLC, and Ted Fisher,

        Defendants.

Case No. 22-cv-1366 (KMM/DJF)

**ORDER**

This matter is before the Court on Plaintiff Huntington National Bank's ("Huntington" or "the Bank") Motion for Default Judgment. [Doc. 11]. Defendants have failed to timely respond to the Bank's Complaint, did not file any response to the Motion for Default Judgment, and have otherwise made no appearance in this litigation. For the reasons that follow, the motion is granted.

### Findings of Fact

Huntington filed its Complaint on May 20, 2022. [Doc. 1]. The Summons and Complaint were served on Defendant Ted Fisher on May 23, 2022, and on Defendant County Recycling LLC on May 24, 2022. [Doc. 5, 6]. Neither Defendant filed an Answer or otherwise responded to the Summons and Complaint, and the time to do so has expired. The Clerk entered Default against both Defendants on July 15, 2022. [Doc. 10].

Huntington is the successor-by-merger to TCF National Bank ("TCF"). On September 29, 2020, County Recycling purchased software and equipment which it financed through a loan from TCF. County Recycling agreed to repay the loaned funds

1

pursuant to the terms of an Installment Payment Agreement ("the Installment Agreement"). [Compl. ¶ 8, Ex. B].

County Recycling borrowed $190,838.35 pursuant to the Installment Agreement and agreed to make monthly payments of $3,723.52 over 60 months. [Doc. 1 ¶ 9]. The Installment Agreement also imposes other obligations on the borrower and gives other rights to the Bank. For example, if a payment is not made within 10 days of its due date, the Bank may impose a late fee of 10% of the amount of the last due payment and charge interest on the unpaid amount at 18% per annum. [Doc. 1 ¶ 10]. The Installment Agreement provides that, among other triggering events, a default occurs when County Recycling fails to make timely payment or fails to comply with other covenants or agreements and that failure continues for 10 days after notice from the Bank. [Doc. 1 ¶ 13]. And if there is an event of default, the Bank has the option to exercise one or more of the following remedies: (a) declare the entire unpaid balance of the loan to be immediately due and payable as liquidated damages; (b) charge interest on the unpaid amount of liquidated damages at 18% per annum; (c) exercise the rights and remedies available to a secured creditor under the Uniform Commercial Code, as adopted by the State of Minnesota; and (d) exercise any and all other rights and remedies available in law or in equity or by any other agreement. [Doc. 1 ¶ 14]. Finally, the Installment Agreement provides that the Bank can recover the costs and expenses it incurs in exercising any of the rights and remedies available to it under the contract, including attorney's fees and expenses, and costs incurred in obtaining money damages. [Doc. 1 ¶ 15].

The TCF loan to County Recycling was secured with a continuing guaranty ("the Guaranty") from the Defendant Ted Fisher. [Doc. 1 ¶ 23, Ex. E]. Under the Guaranty, Mr. Fisher agreed to guaranty the full and proper payment of all obligations of County Recycling under the Installment Agreement, including the monthly payments owed. [Doc. 1 ¶ 24]. As the Guarantor, Mr. Fisher agreed to pay all costs and expenses, including court costs and legal fees, incurred by the Bank in connection with enforcing the Guaranty and County Recycling's obligations. [Doc. 1 ¶ 25].

On May 3, 2022, the Bank sent County Recycling and Mr. Fisher a letter notifying them that County Recycling failed to make required payments under the Installment Agreement in a timely manner and declared that this was a material default of the contract. [Doc. 1 ¶ 28, Ex. G]. This notice indicates that County Recycling failed to make a payment that was due on April 8, 2022; demands payment to the Bank within 10 days of the date of the letter, despite the absence of a right to cure payment defaults in the Installment Agreement; and states that if County Recycling fails to make the payment by May 13th, the Bank intended exercise one or more of its rights under the contract, including acceleration of the remaining balance of the debt. [Doc. 1, Ex. G]. Neither Defendant made a payment in response to the letter. The Bank sent Defendants a second notice of default on May 18, 2022, and in this letter formally notified them that it was accelerating their obligation to repay the remaining balance of the loan, charging them applicable interest, and demanding immediate payment of $146,712.51 as the total amount due as well as attorneys' fees and costs. [Doc. 1 ¶ 30, Ex. H].

In October of 2022, the Bank's financial recovery representative, Jordan Shamblott, verified that Defendants have not made a payment under the Installment Agreement since April 8, 2022 and calculated the damages owed to the Bank based on the applicable terms of the contract. The missed installments between April 8th and September 8th totaled $22,341.12; the present value of the remaining 36 unpaid installments, accelerated at 6.61%, totaled $121,716.55; a 4% penalty on that accelerated present value totaled $4,868.66; and late fees were calculated at $2,234.10 based on a formula multiplying 10% of the regular monthly payment by the 6 late monthly payments that had not been paid at the time Mr. Shamblott made his calculations. [Doc. 14 ¶¶ 3–9]. As a result, Mr. Shamblott testified that the amount due under the Installment Agreement as damages for County Recycling's default was $151,160.43. [Doc. 14 ¶ 5].

In addition, in pursuing its remedies under the Installment Agreement, including through this litigation, the Bank incurred attorney's fees and costs. The Bank has been represented in its collection efforts by the law firm of Taft Stettinius & Hollister LLP ("Taft"), and Taft lawyers Daniel Moak and Mark Schroeder. [Doc. 15, 20]. Attorneys' fees have been incurred by the Bank for Taft's review of loan documents and other related documentation, conferences and correspondence with the Bank, drafting of the complaint and investigation of the Bank's claims, drafting of the submissions necessary to obtain the entry of default against Defendants and to move for entry of default judgment, and in preparing for and attending the hearing on the motion. [Doc. 15 ¶ 6; Doc. 20 ¶ 3]. Taft's timekeepers charged Huntington hourly rates at or below their standard hourly rates, which were also at or below the rates typically charged in the Twin

Cities' legal market. [Doc. 15 ¶ 4]. The Bank also incurred expenses of $627.00 for the filing fee in this case and in process server fees. [Doc. 15 ¶ 9]. The total in attorneys' fees and costs incurred by Huntington in this action is $6,371.80. [Doc. 15 ¶ 10; Doc. 20 ¶ 4].

## Conclusions of Law

County Recycling and Mr. Fisher were properly served with the Summons and Complaint, failed to timely Answer or otherwise respond, and are in default. Therefore, Huntington is entitled to entry of a default judgment in its favor. Fed. R. Civ. P. 55(b)(2). The factual allegations in the Complaint are taken as true, except those relating to damages. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

Based on the facts established in this case, County Recycling is liable to the Bank for breach of contract. *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011) (elements of a breach of contract claim). The Installment Agreement is a valid contract formed between Huntington (via its predecessor TCF) and County Recycling. The Bank has performed any conditions precedent to its right to demand performance by County Recycling, and County Recycling has materially breached the Installment Agreement by failing to make timely payments. That breach has proximately caused the Bank to suffer actual damages.

Similarly, Mr. Fisher is liable to the Bank for breach of contract. The Guaranty is a valid contract formed between Huntington (through its predecessor TCF) and Mr. Fisher. The Bank performed any conditions precedent to its right to demand performance under the Guaranty from Mr. Fisher, and Mr. Fisher has materially breached the Installment Agreement by failing to perform his obligation to pay the amounts due and owing under

the Guaranty. The breach of the Guaranty has proximately caused the Bank to suffer actual damages.

The evidence provided by Mr. Shamblott and attorneys Moak and Schroeder establish Huntington's actual damages incurred as a result of Defendants' breach of the Installment Agreement and Guaranty to a reasonable degree of certainty. *See Bigham v. John W. McDougall Co., Inc.*, No. 18-cv-706 (NEB/ECW), 2019 WL 2337396, at *2 (D. Minn. June 3, 2019) (discussing the showing to establish damages). This evidence demonstrates that Defendants are liable to the Bank in the amount of $151,160.43 in actual damages. Mr. Shamblott's calculations of these damages are consistent with the terms of the Installment Agreement and Guaranty.

As a result of Defendants' breach of the Installment Agreement and Guaranty, the Bank is also entitled to a judgment for the attorneys' fees and expenses incurred in this action. The evidence shows that Huntington incurred reasonable attorneys' fees and costs in the amount of $6,371.80.

Finally, Huntington is entitled to post-judgment interest on any money judgment pursuant to 28 U.S.C. § 1961(a). The Bank is entitled to applicable post-judgment interest at the maximum rate allowed by law under § 1961.

## ORDER

Based on the findings and conclusion above, **IT IS HEREBY ORDERED THAT**:

1.  Plaintiff's Motion for Default Judgment is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff
Huntington National Bank against Defendants County Recycling LLC and Ted
Fisher, jointly and severally, in the amount of $157,532.23, plus any applicable
post-judgment interest allowed by law.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: January 20, 2023

    _s/Katherine Menendez_
    Katherine Menendez
    United States District Judge